1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9
10
11

CHRISTOPHER BOFFOLI,
an individual,

            Plaintiff,

    v.

DIGITAL OCEAN, INC., a Delaware
corporation; and DOES 1-5,

        Defendants

Case No. 2:15-cv-1938

**COMPLAINT FOR COPYRIGHT**
**INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

12
13
14
15
16
17
18
19

CHRISTOPHER BOFFOLI, ("Boffoli" or "Plaintiff") hereby alleges for his

20 complaint against DIGITAL OCEAN, INC. ("Digital Ocean") and DOES 1-5

21 (collectively, "Defendants") upon personal information as to Plaintiff's own activities,

22 and upon information and belief as to the activities of others, as follows:

23

          **I.    NATURE OF THE CASE**

24       1.    This is a claim for copyright infringement arising under the copyright laws

25 of the United States, Title 17 of the United States Code.

26

         **II.    JURISDICTION AND VENUE**

27       2.    This Court has exclusive subject matter jurisdiction over this action

28 pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Digital Ocean because it conducts substantial business in the State of Washington.

4.     The claims alleged in this Complaint arise in the State of Washington and the Western District of Washington and elsewhere.

5.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1-3).

### III.     PARTIES

6.     Plaintiff is an individual and resident of the Western District of Washington.

7.     Digital Ocean is a Delaware corporation that offers its Internet-based services across the United States.

8.     Plaintiff doesn't know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

### IV.     FACTS

**A.     Boffoli created copyrightable photographs and registered them with the U.S. Copyright Office.**

9.     Boffoli is a fine art, editorial, and commercial photographer who created "Big Appetites", a series of photographs featuring tiny figures photographed against real food backdrops. Big Appetites has been published in more than 100 countries around the world, with coverage in publications such as the New York Times, Washington Post, NPR, and CBS This Morning, among many others. Fine art photographs from the collection can be found in galleries and private collections in the US, Canada, Europe and Asia. Boffoli is frequently hired by magazines for editorial commissions and by large

COMPLAINT FOR COPYRIGHT
INFRINGEMENT- 2

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

brands for commercial work based on the Big Appetites series. Boffoli's images are also licensed for publication for books, magazines, websites, and greeting cards.

10.    Boffoli's business is based on licensing and selling photographs he creates. Big Appetites photographs are currently available for purchase at fine art galleries, and can also be purchased over the Internet, including through Boffoli's website. Boffoli has licensed use of Big Appetites photographs to greeting card companies, calendars, and others.

11.    Boffoli registered each photograph in the Big Appetites series with the U.S. Copyright Office and has Copyright Registration Nos. VAu001106484 (2011), VAu001148370 (2013), VA0001948517 (2013), and VAu001198948 (2015).

**B.    Digital Ocean's customer posted photographs from Big Appetites without license or permission from Boffoli on webpages housed on Digital Ocean's servers.**

12.    Digital Ocean, an Internet-based company, is a cloud-hosting provider. Digital Ocean has customers in this District.

13.    Digital Ocean provides services to at least one Doe Defendant and allows that Doe Defendant to house its website content on Digital Ocean's servers, including content that infringes on Boffoli's copyright (the "Infringing Content").

14.    The Infringing Content is displayed on at least four different webpages hosted on Digital Ocean's servers: <http://storyglitz.com/wp-content/uploads/2015/02/highly-creative-art-10.jpg>, <http://storyglitz.com/wp-content/uploads/2015/02/highly-creative-art-12.jpg>, < http://storyglitz.com/wp-content/uploads/2015/02/highly-creative-art-13.jpg>, and < http://storyglitz.com/wp-content/uploads/2015/02/highly-creative-art-14.jpg>. A copy of the Infringing Content is provided as Exhibit A.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT- 3

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**C.    Digital Ocean failed to prevent the Infringing Website from being accessible over the Internet despite notice from Boffoli.**

15.    On information and belief, Digital Ocean can remove the Infringing Content hosted on Digital Ocean's servers. Digital Ocean can also disable the Doe Defendant's ability to post content to the Internet.

16.    Digital Ocean has a registered agent with the United States Copyright Office for receipt of Digital Millennium Copyright Act ("DMCA") notices.

17.    On September 27, 2015, Boffoli sent a notice to Digital Ocean informing it of the Infringing Content. Boffoli received an automated response.

18.    Boffoli's notice and Digital Ocean's response are attached as Exhibit B.

19.    Boffoli never authorized his work to be posted on the Infringing Website.

20.    As of the date of this filing, Digital Ocean has not removed or disabled access to the Infringing Content.

**V.    CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT**

21.    Boffoli hereby incorporates Paragraphs 1-20 by reference.

22.    Boffoli is, and at all relevant times has been, the owner of the copyright in the photographs in the Big Appetites series.

23.    Each photograph in Big Appetites is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

24.    Boffoli has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

25.    Boffoli registered the copyright in each photograph in Big Appetites with the United States Copyright Office.

26.    Boffoli has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the photographs in Big Appetites, (2) prepare derivative works based on Big Appetites, (3) distribute copies of Big Appetites, and (4) display Big Appetites publicly.

27.     Without the permission or consent of Boffoli, photographs from Big Appetites were reproduced, derivative works were made from, copies were distributed of, and the photographs were displayed on the Infringing Website, which is hosted on Digital Ocean's servers.

28.     Boffoli's exclusive rights in the photographs in Big Appetites were violated.

29.     Digital Ocean induced, caused, or materially contributed to the Infringing Website's publication.

30.     Digital Ocean had actual knowledge of the Infringing Content. Boffoli provided notice to Digital Ocean in compliance with the DMCA, and Digital Ocean failed to disable access to or remove the Infringing Website.

31.     Digital Ocean acted willfully.

32.     Alternatively, Digital Ocean directly infringed Boffoli's copyrights by continuing to allow public access to the Infringing Website on Digital Ocean's servers.

## VI.     RELIEF REQUESTED

WHEREFORE, Boffoli asks this Court to enter judgment against Defendants and Defendants' subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1.     Temporary and permanent injunctions preventing and restraining infringement of Big Appetites by Digital Ocean under 17 U.S.C. § 502;

2.     An order requiring the destruction of all copies made by or under the control of Digital Ocean of the photographs in Big Appetites and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3.     An award of the actual damages suffered by Boffoli as the result of Digital Ocean's infringement plus the profits of Digital Ocean attributable to the infringement under 17 U.S.C. § 504(b);

4.     Alternatively, if Boffoli so elects, an award of statutory damages for each infringement of Big Appetites under 17 U.S.C. § 504;

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

5.     A judgment that Digital Ocean's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6.     An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7.     For such other and further relief as may be just and proper under the circumstances.

Dated December 9, 2015.

Respectfully Submitted,

NEWMAN DU WORS LLP

By:     _____

Keith Scully, WSBA No. 28677

Attorneys for Plaintiff
CHRISTOPHER BOFFOLI

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1

## JURY DEMAND

2    Pursuant to FED. R. CIV. P. 38(b), Plaintiff Christopher Boffoli demands a trial by

3  jury of all issues presented in this complaint which are triable by jury.

4

5    Dated December 9, 2015

6

7                                    Respectfully Submitted,

8                                    NEWMAN DU WORS LLP

9                            By: _____

10                                   Keith Scully, WSBA No. 28677

11                                   Attorneys for Plaintiff
                                     CHRISTOPHER BOFFOLI
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28